IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03016-KLM

DIANNA STEELE,

    Plaintiff,

v.

COLORADO SPRINGS EARLY COLLEGES,
KEITH KING, in his individual capacity, and
JASON DILGER, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion for Leave to Amend Witness List** [#40][1] (the "Motion").[2] Defendants filed a Response [#50] in opposition to the Motion. The Court has reviewed the Motion, Response, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#40] is **GRANTED**.

In the Motion [#40], Defendants seek to amend their trial witness list to include Teresa/Tresa[3] Suarez ("Suarez"). The Final Pretrial Order [#34], which includes the parties'

---

[1] "[#40]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The case has been referred to the undersigned for all purposes [#18] pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c), on consent of the parties [#17].

[3] Defendants repeatedly and only use the spelling of "Teresa," and Plaintiff repeatedly and only uses the spelling of "Tresa," so it is unclear to the Court which spelling is correct.

respective witness lists, was entered on September 24, 2015.  On November 20, 2015, Defendants' counsel realized that he had "inadvertently" failed to include Ms. Suarez on their witness list.  *Motion* [#40] at 2.  In support of the Motion, Defendants state that (1) Ms. Suarez was intended as a will-call witness, (2) she worked as a math teacher during the 2013-2014 school year, (3) she is expected to testify primarily about Plaintiff's job performance, (4) she was identified in Defendants' January 21, 2015 Rule 26(a)(1) Disclosures, and (5) at least three deponents (including Plaintiff and Defendant Jason Dilger) referred to and discussed Ms. Suarez in their respective depositions.  *Id.* at 2.

The Final Pretrial Order serves the purpose of ensuring "the economical and efficient trial of every case on its merits without chance or surprise."  *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987).  As such, the Federal Rules of Civil Procedure permit the amendment of a Final Pretrial Order only "to prevent manifest injustice."  Fed. R. Civ. P. 16(e); *see also Final Pretrial Order* [#34] at 20.  The party seeking to amend the Final Pretrial Order bears the burden of establishing that manifest injustice will occur without the amendment.  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).  The decision to allow such an amendment rests within the sound discretion of the trial court.  *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998).  In exercising that discretion, the Tenth Circuit has directed that courts be guided by the following factors: (1) prejudice to the party opposing the modification of the pretrial order; (2) the ability of the party opposing modification to cure the prejudice; (3) disruption to the orderly and efficient trial of the case resulting from the modification; and (4) bad faith by the party seeking to modify the pretrial order.  *Koch*, 203 F.3d at 1222.  "We also take into consideration the timeliness of the movant's motion to amend the order."  *Davey v. Lockheed Martin Corp.*,

301 F.3d 1204, 1208 (10th Cir. 2002). While these factors create a "high" standard that must be met before the Final Pretrial Order can be modified, this "standard isn't meant to preclude any flexibility." *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015).

At the outset, the Court notes that Plaintiff does not argue the *Koch* factors in her Response but instead appears to primarily rely on the argument that, "[r]egardless of [Defendants' *Koch* factor] arguments, Defendants have failed to show how it would be manifestly unjust for them to bring this case to trial without calling Ms. Suarez as a witness." [#50] at 4. In other words, Plaintiff appears to argue that Defendants have failed to provide evidence that Ms. Suarez is crucial to the presentation of Plaintiff's case. *See id.* at 3-4. However, the Court's review of Tenth Circuit case law on this issue, including the cases cited by Plaintiff, *see Response* [#50] at 2-3, does not support the view that "manifest unjustness" is somehow an additional factor that must be determined in addition to the *Koch* factors and the timeliness of the request. *See generally, e.g.*, *Monfore,* 778 F.3d at 851; *Davey*, 301 F.3d at 1208; *Koch*, 203 F.3d at 1222-23. Rather, although the Court is ultimately permitted discretion in deciding whether to allow amendment of a pretrial order, *see Roberts*, 149 F.3d at 1107, case law from the Tenth Circuit Court of Appeals supports the proposition that "manifest injustice" is comprised of the factors mentioned above.

Regarding the first *Koch* factor, neither Defendants nor Plaintiff have identified any prejudice which the party opposing the modification of the pretrial order, i.e., Plaintiff, will endure. It is undisputed that Ms. Suarez was identified in Defendants' January 21, 2015 Rule 26(a)(1) Disclosures and that at least three deponents (including Plaintiff and Defendant Jason Dilger) referred to and discussed Ms. Suarez in their respective

depositions. *Motion* [#40] at 2. No new claims or defenses are being added as a result of Ms. Suarez's testimony. Further, Plaintiff has not asserted that additional discovery would be required if Ms. Suarez is allowed to testify. Thus, this factor weighs in favor of permitting amendment of the Final Pretrial Order.

Regarding the second *Koch* factor, i.e., the ability of the party opposing modification of the pretrial order to cure the prejudice, there is no need to cure prejudice because none has been identified. Thus, this factor weighs in favor of permitting amendment of the Final Pretrial Order.

Regarding the third *Koch* factor, there is no indication from either party that allowing amendment would create a disruption of the orderly and efficient trial of this case. Neither party asserts that trial, despite its imminence, would need to be continued or extended if Ms. Suarez were added to the Final Pretrial Order at this time. Thus, this factor weighs in favor of permitting amendment of the Final Pretrial Order.

Regarding the fourth *Koch* factor, there is no indication that this amendment was sought in bad faith by Defendants. The only non-speculative information before the Court is that Defendants inadvertently failed to include Ms. Suarez on their will-call witness list. While the Court does not condone the carelessness which necessitated the filing of this Motion [#40] to amend the Final Pretrial Order, *see Case v. Abrams*, 352 F.3d 193, 195 (10th Cir. 1965), "no judge worth [her] salt can forget or fail to sympathize with the challenges the trial lawyer confronts," *Monfore*, 778 F.3d at 851, and human error will occasionally happen. This type of error does not appear to have been a recurring theme in this lawsuit. To the contrary, the professionalism of the attorneys for both parties has so far generally been exemplary throughout this litigation. Thus, this factor weighs in favor of

-5-

permitting amendment of the Final Pretrial Order.

Finally, the Court considers the timeliness of Defendants' Motion [#40]. *See Davey*, 301 F.3d at 1208. Defendants asserted that they realized their error on November 20, 2015. *Motion* [#40] at 2. Defendants and Plaintiff agree that Defendants' counsel attempted to confer with Plaintiff's counsel between November 20 and December 2, until it was clear that agreement could not be reached. *See id.* at 2-3; *Response* [#50] at 1. This Motion [#40] was then immediately filed on December 3. Thus, despite the proximity to trial, the Court finds that the Motion [#40] was not filed untimely. This consideration therefore does not weigh against permitting amendment of the Final Pretrial Order.

In short, because there is no indication that Plaintiff will suffer prejudice, that trial will be disrupted, or that Defendants acted in bad faith, it would be manifestly unjust not to permit amendment of the Final Pretrial Order to include Ms. Suarez on Defendants' will-call witness list. Thus, for the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#40] is **GRANTED**. The Final Pretrial Order [#34] entered on September 24, 2015 is modified to include Ms. Suarez on Defendants' will-call witness list. *See* [#40-1] at 4.

Dated: December 10, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge